

**SEALED**
CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 14 2016

JULIA C. DUDLEY, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR Western District of Virginia

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF white HTC cellphone, belonging to Brandon Shane FITZGERALD CURRENTLY LOCATED AT DEA Roanoke Resident Office | Case No. 7:16mj38 |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Charles Sanders, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent with the U.S. Drug Enforcement Administration (DEA), and have been since 2014. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been a local and state Law Enforcement officer since 1999. During my time employed as a Special Agent, I have received training in search warrant preparation at the DEA Academy in Quantico, Virginia, and I have participated in the application for, and execution of, multiple arrest and search warrants pursuant to the investigation of narcotics and organized crime related offenses. These investigations resulted in the prosecution and conviction of individuals; and the

seizure of illegal drugs, US Currency, and other evidence of criminal activity. As a narcotics investigator, I have interviewed numerous individuals involved in drug trafficking and have obtained information regarding the acquisition, sale, importation, manufacture, and distribution of controlled substances. Through my training and experience, I am familiar with the actions, habits, traits, methods, and terminology utilized by the traffickers and abusers of controlled dangerous substances.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4. The property to be searched is a white HTC cellular phone, unknown serial number, MEID DEC: 256 691 543 309 709 592, hereinafter the "Device." The Device belongs to Brandon Shane FITZGERALD. The Device is currently located at DEA Roanoke Resident Office.

5. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

6. On December 16, 2015, the DEA Roanoke Resident Office obtained a current telephone number for DEA fugitive Jason Dee HOWELL. Subsequently, the number was passed to the U.S. Marshals Service (USMS) in Abingdon, Virginia. On December 18, 2015, DEA Roanoke Resident Office was notified that Jason Dee HOWELL was arrested in the Baltimore, Maryland area by the USMS and Maryland State Police. Prior to Jason Dee HOWELL'S arrest,

law enforcement conducted surveillance of the parking lot of the Days Inn, located at 6600 Richie Highway, Glen Burnie, Maryland. On December 18, 2015, law enforcement observed a white Honda Civic, later determined to be driven by Brandon Shane FITZGERALD, drive into the rear parking lot. The Honda was approached by Jason Dee HOWELL and a white female, later identified as Tonya Lynn DEEL. Jason Dee HOWELL, Brandon Shane FITZGERALD, and Tonya Lynn DEEL walked to the side of a white 2016 Homesteader enclosed trailer that was attached to a white 2007 Chevrolet 2500 truck. The trailer is registered to Brandon Shane FITZGERALD. Jason Dee HOWELL opened and entered the side door of the trailer. Brandon Shane FITZGERALD removed two (2) green ammunition cans from the trunk of the Honda Civic and took them into the trailer. In October 2015, pursuant to a lawful traffic stop and a K9 search, DEA Roanoke Resident Office seized approximately $233,000 from Jason Dee HOWELL that was found in an ammunition can in the trunk of his car which he later admitted was partially drug proceeds.

7. On the same date, Jason Dee HOWELL, Brandon Shane FITZGERALD, and Tonya Lynn DEEL attempted to leave the parking lot in the Honda but was stopped and apprehended by law enforcement. A K9 unit responded to the location and conducted a free air sniff of the Chevrolet truck, Honda Civic, and Homesteader enclosed trailer. The K9 had a positive alert for the presence of narcotics. Law enforcement obtained a state search warrant for the hotel room, Chevrolet truck, Honda Civic, and the Homesteader enclosed trailer that Jason Dee HOWELL, Brandon Shane FITZGERALD, and Tonya Lynn DEEL was observed in. During the execution of these warrants, law enforcement seized approximately 4.22 pounds of methamphetamine, $71,105.00 U.S. Currency, 48 suspected Sudafed pills, unused bank money bands, money counter, and drug paraphernalia. The methamphetamine field tested positive for

the presence of methamphetamine. Brandon Shane FITZGERALD was arrested on state charges for Possession with the Intent to Distribute Methamphetamine. Brandon Shane FITZGERALD was in possession of this device during the time of his arrest and was seized incident to Fitzgerald's arrest.

8. The Device is currently in the lawful possession of the DEA. It came into the DEA possession in the following way: seized incident to arrest. The Device is currently in storage at the DEA Roanoke Resident Office. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the DEA.

## TECHNICAL TERMS

9. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and

storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

10. Based on my training, experience, and research, and from consulting the manufacturer's advertisements and product technical specifications available online at http://www.samsung.com, I know that the Device has capabilities that allow it to serve as a wireless telephone, digital camera, GPS navigation device, and portable media player.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

11. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

12. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

13. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

14. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

15. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

Charles Sanders
Special Agent
DEA

Subscribed and sworn to before me on March 14, 2016:

UNITED STATES MAGISTRATE JUDGE